UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA KARIN PALACIOS-BERNAL,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, United States Attorney General,<br><br>    Respondent. | Case No. 5:19-cv-01963-RGK-MAA<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

I.  **INTRODUCTION**

On October 14, 2019, Ana Karin Palacios-Bernal ("Petitioner"), represented by counsel, filed a document entitled "Petition in the Nature of Writ of Habeas Corpus and Application for Stay of Removal." ("Petition," ECF No. 1.) The Court construes the Petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241").[1] Pursuant to Rule 4 of the Rules Governing Section 2254

---

[1] The Petition also invokes 28 U.S.C. § 2254. (Petition 1.) 28 U.S.C. § 2254 is available to a "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Petitioner avers she is in the custody of the United States Attorney General and his employees and agents pursuant to a removal order

Cases in the United States District Courts ("Habeas Rules") and the Court's obligation to consider its own jurisdiction, the Petition must be dismissed.

## II. BACKGROUND

Petitioner is a citizen of Guatemala who resides in this District. (Petition 1.) She is presently in the custody and control of United States Attorney General William P. Barr ("Respondent") in that she is subject to removal from the United States. (Petition 1-2.) Petitioner avers that she "has been the victim of a crime and will be the beneficiary of a 'U' visa[2] entitling her to remain in the United States." (Petition 2.) Despite this, Respondent will not postpone her removal. (*Id.*) Petitioner challenges her imminent removal, "which will deny her the ability to utilize the benefits and advantages of a 'U' visa." (*See id.*) Petitioner prays for a stay of removal until her purported U visa expires. (*Id.*)

On October 14, 2019, Petitioner filed a document entitled "Motion for Emergency Stay of Removal Pending Petition in the Nature of Writ of Habeas Corpus." ("Motion," ECF No. 2.) Petitioner stated that she is scheduled to be removed to Guatemala on October 24, 2019, and that Respondent will not postpone her removal. (*Id.* at 2.) Petitioner requested an order staying her removal pending adjudication of the Petition. (*Id.*) On October 16, 2019, Respondent filed a document entitled "Respondents' Opposition to Petitioner's Motion for Emergency Stay of Removal Pending Petition for Writ of Habeus [sic] Corpus." (ECF No. 6.) Respondent argued that the Court should deny the Motion because (1) the Court

---

(Petition 1-2), not the judgment of a state court. Accordingly, a petition pursuant to Section 2241 is the only plausibly appropriate vehicle for her challenge.

[2] U nonimmigrant status, also referred to as a U visa, is available to an alien who "has suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity" and "has been helpful, is being helpful, or is likely to be helpful . . . in the investigation or prosecution of the qualifying criminal activity." 8 C.F.R. § 214.14(b).

lacks jurisdiction over removal proceedings, (2) Petitioner failed to exhaust administrative remedies, and (3) Petitioner failed to establish she is qualified for or has applied for a U visa. (*Id.* at 1.) Respondent also noted that Petitioner did not provide adequate notice of the Motion. (*Id.* at 1 & n.1.) The Court denied Petitioner's Motion on October 17, 2019. (ECF No. 7.) The Court construed the Motion as a request for a temporary restraining order and concluded that Petitioner failed to meet the procedural requirements for requesting a temporary restraining order without adequate notice to Respondent and failed to address the factors relevant to her. (*Id.* at 2-4.) At that time, the Court declined to decide whether it had jurisdiction over the action. (*Id.* at 2.)

On October 21, 2019, Petitioner filed a document entitled "Amended Motion for Emergency Stay of Removal Pending Petition for Writ of Habeas Corpus." ("Amended Motion," ECF No. 8.) She again seeks a stay of her removal pending the resolution of this action. (*Id.* at 2.) Petitioner states that irreparable harm will result absent a stay of removal, that she is likely to succeed on the merits, that the government will not be prejudiced by a stay of removal, that petitioner is not a danger to society, and that the public interest in law enforcement favors granting a stay. (*Id.*) Petitioner includes in her Amended Motion papers a declaration from her counsel (ECF No. 8-1), the police report describing the criminal activity undergirding her U visa application (ECF No. 8-2), and a photograph of a document entitled "Notice to Obligor to Deliver Alien" (ECF No. 9). Respondent filed an opposition to the Amended Motion on October 22, 2019, reiterating and elaborating upon the three arguments presented in the opposition to the original Motion. (ECF No. 10.)

### III. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of a petition "[i]f it

3

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). Additionally, a federal court is obligated to consider *sua sponte* whether it has subject matter jurisdiction over a Section 2241 petition. *See Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006). Here, the Court lacks jurisdiction over the Petition, which subjects this action to summary dismissal.

Federal district courts are authorized to grant a writ of habeas corpus under Section 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(1), (3). "The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention," including individuals subject to a final deportation order. *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012); *see also Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995). However, pursuant to 8 U.S.C. § 1252(g) ("Section 1252(g)"), federal courts lack jurisdiction to extend habeas review under Section 2241 to "any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien." "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("*AADC*"). Although the Supreme Court has acknowledged that Section 1252(g) "applies to only a limited subset of deportation claims," the Court also has observed that the "discretionary determinations" enumerated in the statute are not reviewable. *Id.* at 483, 485, 487; *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (noting that the *AADC* decision "did not interpret this language to sweep in any claim that can technically

be said to 'arise from' the three listed actions"; instead, the Court "read the language to refer to just those three specific actions themselves" (citing *AADC*, 525 U.S. at 482-83)); *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [Section 1252(g)'s] jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *Catholic Soc. Servs. v. INS*, 232 F.3d 1139, 1150 (9th Cir. 2000) ("[Section 1252(g)] applies only to the three specific discretionary actions mentioned in its text, not to all claims relating in any way to deportation proceedings.").

Here, Petitioner does not argue that the removal order is invalid, that Respondent's refusal to postpone removal is unlawful, or that the process by which Respondent has sought her removal is inappropriate in any way. Petitioner has not alleged that any constitutional provision, federal law, or treaty has been violated by Respondent's discretionary decision not to stay her removal. Indeed, the Petition, which consists entirely of a jurisdictional statement, sparse factual allegations, and a prayer for relief, lacks legal claims justifying the requested relief. (*See generally* Petition.) Nor can the Court discern from the Petition what federal law Respondent allegedly has violated by exercising the prosecutorial discretion to enforce the removal order. Indeed, "[t]he filing of a [U visa petition] has no effect on [Immigration and Customs Enforcement's ("ICE")] authority to execute a final order [of removal, deportation, or exclusion]." 8 C.F.R. § 214.14(c)(1)(ii). Instead, given Petitioner's requested relief, it appears that Petitioner seeks judicial intervention by means of the great writ to enjoin Respondent from proceeding with her scheduled removal despite her purported eligibility for a U visa.[3] (*See* Petition

---

[3] As discussed in the Court's October 17 Order (ECF No. 7, at 3 n.1), the Petition and Motion obscure the status of Petitioner's purported U visa. It is unclear whether Petitioner has a U visa, whether Petitioner speculates she will receive a U visa, whether Petitioner is awaiting decision on an application for a U visa, or even whether she has applied for a U visa. (*Compare, e.g.*, Petition 2 (stating Petitioner

5

1-2.) Based on the cursory allegations in the Petition, Section 1252(g) divests the Court of jurisdiction to intervene.

*Balogun v. Sessions*, 330 F. Supp. 3d 1211 (C.D. Cal. 2018), is directly analogous to the case at bar. The petitioner in *Balogun* was subject to a final order of removal, but he also was awaiting a final decision on his application for a U visa. 330 F. Supp. 3d at 1211. He requested stays of removal pending decision of the application, but only one stay was granted. *Id.* at 1211-12. He filed a Section 2241 petition and Administrative Procedure Act complaint in this District Court, seeking to enjoin ICE from executing his removal pending a final decision on his U visa application. *Id.* at 1212. The petitioner did not contest the validity or legality of his removal order, did not dispute that the government had discretionary authority to stay his removal pending the decision of his U visa application, and did not dispute that the government could grant him a U visa even after his removal from the United States. *Id.* The petitioner argued that Section 1252(g) did not strip the Court of its habeas jurisdiction because ICE "failed to follow its own internal agency guidance that favors postponing removal," which was arbitrary and

---

"will be the beneficiary of a 'U' visa"), *with id.* (requesting that "[r]emoval be stayed until [Petitioner's] U visa expires").) The Amended Motion makes clearer that Petitioner has not yet obtained a U visa, but the status of her U visa application remains unclear. (*See* ECF No. 8-1, at 2 ¶ 5.) Respondent has submitted a declaration indicating that U.S. Citizenship and Immigration Services has no record of any pending U visa application by Petitioner. (ECF No. 10-2, at 2 ¶ 7.) In any event, the Amended Motion papers cast doubt on whether Petitioner is actually entitled to a U visa. Petitioner has lodged a police report describing the criminal activity on the basis of which she is seeking a U visa. (ECF No. 8-2; *see also* ECF No. 8-1, at 2 ¶ 5 (indicating that the criminal case for which she seeks to remain in the United States is the case described in the police report).) Petitioner reported that someone stole her purse, and the incident report suggests that the underlying crime is California robbery (Cal. Penal Code § 211). (ECF No. 8-2, at 1-3.) Robbery is not a "qualifying criminal activity" that may support an application for a U visa. 8 U.S.C. § 1101(a)(15)(U)(iii); 8 C.F.R. § 214.14(a)(9). Regardless, the Court need not decide the viability of Petitioner's application in this jurisdictional inquiry.

capricious and an abuse of discretion. *Id.* The Court rejected the argument:

> [A] challenge to ICE's refusal to stay removal is the paradigmatic claim arising from a decision to execute a removal order. If ICE's enforcement discretion is to mean anything, it must include the discretion to decide *whether* and *when* to start removal proceedings and execute removal orders. . . . [T]he refusal to stay removal cannot be . . . a legally-distinct decision somehow divisible from the decision to execute removal. . . . [T]he decision to stay—or *not* stay—removal is intrinsic to the decision to execute a removal order.

*Id.* at 1215-16. The Court dismissed the petition for lack of jurisdiction. *Id.* at 1218.

Like the Petitioner in *Balogun*, Petitioner here does not dispute the validity or legality of the removal order or the process by which the government has elected to enforce it. (*See generally* Petition.) The barebones Petition takes umbrage only with the government's refusal to postpone her removal, "denying her the ability to utilize the benefits and advantages of a 'U' visa." (*See id.* at 2.) As the Court acknowledged in *Balogun*, 330 F. Supp. 3d at 1212, and as Respondent suggests in his papers (; ECF No. 6, at 4; ECF No. 10, at 7), Petitioner need not be physically present in the United States for her U visa application to be received, considered, or granted. *See, e.g.*, 8 C.F.R. § 214.14(c)(5)(i)(B) (contemplating applications for U visas by aliens who filed their petitions from outside the United States). Consequently, Petitioner's prayer for relief appears to be a transparent request for judicial interference with a valid decision to execute a removal order squarely within Respondent's prosecutorial discretion. Section 1252(g) precludes the Court from entertaining such a "paradigmatic claim arising from a decision to execute a removal order." *Balogun*, 330 F. Supp. 3d at 1215.

Likewise, the Court finds *Velarde-Flores v. Whitaker*, 750 F. App'x 606 (9th Cir. 2019), persuasive. In the district court, the petitioners filed a Section 2241

habeas petition seeking a stay of imminent deportation pending determination of their U visa applications, asserting that removal would violate due process because they had a liberty interest in staying in the country. *See Velarde-Flores v. Sessions*, No. CV 18-00031-PHX-DJH (BSB), 2018 U.S. Dist. LEXIS 12303, at *9-10 (D. Ariz. Jan. 23, 2018). The district court dismissed the petition, observing that Section 1252(g) deprived the court of habeas jurisdiction and that the petitioners had not identified a protected liberty interest affected by removal. *Id.* at *11-12, *16-17. The Ninth Circuit affirmed the dismissal, reasoning:

> Because this petition arises from the government's decision to execute valid orders of removal, it facially falls within the statutory jurisdictional bar. The decision whether to remove aliens subject to valid removal orders who have applied for U-visas is entirely within the Attorney General's discretion. The petitioners do not identify any cognizable liberty interest in remaining in the country while their applications are pending.

*Velarde-Flores*, 750 F. App'x at 607 (citations omitted). Here, Petitioner challenges neither the propriety of the removal order nor the process by which she has been ordered removed. She has not articulated, let alone argued, that a liberty interest possibly has been or may be impinged by Respondent's refusal to postpone her removal.

Accordingly, Section 1252(g) forecloses habeas relief in the district court over Petitioner's request for a stay of her removal. *See, e.g.*, *Arce*, 899 F.3d at 800 (suggesting that a "claim that the Attorney General should have exercised discretion to delay . . . removal" would be "attacking the removal itself" and subject to the jurisdiction-stripping language of Section 1252(g)); *Garcia-Herrera v. Asher*, 585 F. App'x 439, 440 (9th Cir. 2014) (concluding that a challenge to "ICE's decision not to delay [a habeas petitioner's] removal pending the adjudicating of his application for relief under DACA" is "a challenge to ICE's decision to execute a

8

removal order" that the district court lacked jurisdiction to review pursuant to Section 1252(g)); *Ma v. Holder*, 860 F. Supp. 2d 1048, 1057-60 (C.D. Cal. 2012) (concluding that "Section 1252(g) provides a vice-like grip" on habeas petitioner's request for stay of removal pending adjudication of motion to reopen removal proceedings); *cf. Chhouen v. Marin*, 306 F. Supp. 3d 1147, 1158-59 (C.D. Cal. 2018) (concluding district court had jurisdiction where petitioners sought "an *opportunity* to challenge the removal orders" on due process grounds).

Dismissal with prejudice of this habeas action, therefore, is appropriate. *See Nsinano v. Sessions*, 236 F. Supp. 3d 1133, 1139 (C.D. Cal. Feb. 17, 2017) ("Dismissal of claims for which section 1252(g) strips subject-matter jurisdiction, must be *with* prejudice, because there is nothing petitioner could do to 'rectify' the statutorily mandated lack of jurisdiction." (alterations removed) (quoting *Mackenzie v. Holder*, No. ED CV 13-08217-VBF-JC, 2013 U.S. Dist. LEXIS 187292, at *18, 2013 WL 8291434, at *5 (C.D. Cal. Nov. 27, 2013))). The Court does not opine as to whether Petitioner may seek or obtain the requested relief in the Court of Appeals, and this dismissal should not be read to preclude Petitioner from seeking or obtaining the requested relief in the Court of Appeals. *See* 8 U.S.C. § 1252(a)(5), (b)(9).

## IV. CONCLUSION

In sum, the Petition effectively requests that the Court override Respondent's discretionary decision to execute Petitioner's removal. Pursuant to Section 1252(g), this Court lacks jurisdiction to grant Petitioner a stay of her removal because doing so would "impose judicial constraints upon prosecutorial discretion." *AADC*, 525 U.S. at 485 n.9. The Petition is summarily **DISMISSED** for lack of jurisdiction. Because the Court lacks jurisdiction over the Petition, the Amended Motion must be **DENIED**. *See Balogun*, 330 F. Supp. 3d at 1218 (dissolving temporary restraining order and denying request for preliminary injunction upon

concluding that jurisdiction was lacking).  The hearing on the Amended Motion is **TERMINATED**.  *See* C.D. Cal. L.R. 7-15.  Judgment dismissing this action for lack of jurisdiction shall be entered accordingly.

**IT IS SO ORDERED.**

DATED:  October 22, 2019

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE